# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| AMANDA MUZZARELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01144-JEH-RLH |
| ) | |
| STATE FARM MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER & OPINION

This is a sex discrimination case at the motion to dismiss stage. In April 2025, Plaintiff Amanda Muzzarelli ("Muzzarelli") filed a seven-count complaint against State Farm Mutual Insurance Company ("State Farm"), her former employer. The complaint alleged that State Farm's management discriminated against her in violation of state and federal civil rights law. State Farm responded with an answer and a partial motion to dismiss, which remains pending.

Rather than oppose State Farm's motion to dismiss, Muzzarelli has moved to amend her complaint under Federal Rule of Civil Procedure 15(a). (Doc. 16). State Farm objects on the ground that the proposed amendment does not cure the defects outlined in its pending motion to dismiss. (Doc. 17). For the reasons explained below, Muzzarelli's Motion to Amend, (Doc. 16), is GRANTED.

### BACKGROUND

Muzzarelli alleges as follows. She began working at State Farm in 1997 and held various titles, including Director of Facility Management and Business Analyst.

(Doc. 1 at 3). From August 2022 through October 2023, Muzzarelli says that she was treated worse than her male counterparts on account of her gender. (Doc. 1 at 3). Examples of this treatment include:

- Muzzarelli's immediate supervisor, Mike Buelow, "demonstrate[d] a deep disregard towards women by intentionally mispronouncing" words to sound like female genitalia. (Doc. 1 at 3).

- Muzzarelli was mocked by her male colleagues for taking notes and acting like "the girl." (Doc. 1 at 4).

- Muzzarelli's superiors used aggressive body language towards her, but did not treat male employees in the same fashion. (Doc. 1 at 4).

- Muzzarelli filed an internal complaint and was placed on administrative leave shortly after doing so. (Doc. 1 at 5).

- When Muzzarelli returned from medical leave, she was demoted, her salary was decreased, and her previous responsibilities were awarded to a male employee. (Doc. 1 at 5).

- Muzzarelli was ignored—and ultimately terminated on October 9, 2023—for violating a social media policy that was not enforced against her co-workers. (Doc. 1 at 6).

Before filing this lawsuit, Muzzarelli lodged discrimination charges with both the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR). (Doc. 16-1 at 1–2; Doc. 1-3). The IDHR notified Muzzarelli in January 2025 that it was dismissing her complaint for lack of evidence, (Doc. 1-3 at 1); the EEOC issued a Right-to-Sue letter on April 15, 2025, (Doc. 16-1).

The question whether Muzzarelli's factual allegations plausibly allege claims under the relevant federal and Illinois civil rights statutes, however, is not the focus of State Farm's opposition. Instead, State Farm attacks Muzzarelli's complaint on procedural grounds. In its motion to dismiss, State Farm asserted that Muzzarelli's

original complaint was defective in two ways: first, for failing to plead exhaustion of administrative remedies with the EEOC; second, for including allegations beyond the scope of her IDHR charge. In opposing Muzzarelli's motion for leave to amend, State Farm contends that Muzzarelli has cured the first defect, but not the second.

## LEGAL STANDARD

The Federal Rules of Civil Procedure reflect a "liberal amendment policy." *Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 521 (7th Cir. 2015). To that end, Rule 15(a)(2) instructs courts to freely grant parties leave to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "As a general matter," courts should allow parties to amend "when there is a potentially curable problem with the complaint or other pleading." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Courts need not do so, however, when the party requesting the amendment has engaged in undue delay, makes the request in bad faith, or has repeatedly failed to cure deficiencies with prior amendments. *See id.* An amendment is also unwarranted when the opposing party would suffer undue prejudice or where it would be futile. *See id.* In this context, a proposed amendment is futile if it would not survive a motion to dismiss. *See Gandhi v. Sitra Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

State Farm's motion to dismiss—and its opposition to Muzzarelli's motion to amend—assert that Muzzarelli "cannot bring claims in federal court that were not included in [her] IDHR charge." *Goodlet v. City of Chicago*, No. 22-cv-570, 2024 WL 3105883, at *6 (N.D. Ill. June 24, 2024). The operative word there, of course, is

3

"claims." Courts understand this exhaustion requirement to mean that civil rights lawsuits can proceed only when a complaint's allegations "could have been expected to grow out of the IDHR charge." *Id.*; *see also Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018) (explaining that "a theory raised in court" falls within the scope of an administrative charge "if it is *reasonably related* to the charges actually set forth in the administrative filing." (emphasis added) (internal citation omitted)). Yet a plaintiff "need not allege in an [administrative] charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Ultimately, the IDHR charges must be sufficiently detailed to "afford[] the employer some notice of the conduct underlying the employee's allegation." *Woods v. City of Markham*, No. 20-cv-1668, 2024 WL 3673678, at *4 (N.D. Ill. Aug. 6, 2024).

## DISCUSSION

In deciding whether Muzzarelli's motion to amend is proper under Rule 15, the Court first discusses State Farm's futility argument—that is, the amended complaint does not sufficiently demonstrate that Muzzarelli's allegations "reasonably relate" to her administrative charges. Because that argument turns on points of law neither briefed nor raised by the parties, it would be imprudent for the Court to answer it blindly, particularly in the context of a Rule 15(a) motion. The Court then discusses whether any other grounds justify denying leave to amend. They do not.

4

**I.      Whether Muzzarelli's IDHR Charge Relates to Her Complaint**

To begin, Muzzarelli's complaint sets forth seven causes of action: (1) sexual harassment under Title VII; (2) sexual harassment under the Illinois Human Rights Act (IHRA); (3) sex-based discrimination under Title VII; (4) sex-based discrimination under the IHRA; (5) retaliation under Title VII; (6) retaliation under the IHRA; and (7) a violation of the Family Medical Leave Act.[1] Each of those claims seems to arise from the same factual nexus: Muzzarelli worked at State Farm from 1997 through 2023; in May 2022, she began experiencing the discrimination outlined above; she filed a complaint with human resources in October 2022; she was mistreated upon returning from her leave of absence in February 2023; and she was terminated for pretextual reasons on October 9, 2023.

To discern the nature and scope of Muzzarelli's IDHR charges, the Court looks to the exhibits attached to her filings. The original complaint has two. The first is a "Response to Complainant Questionnaire," (Doc. 1-2), which ostensibly relates to Muzzarelli's charges with the IDHR. The next is a "Notice of Dismissal," issued by the IDHR, notifying Muzzarelli that the investigation into her charge has been closed. (Doc. 1-3). Her proposed amended complaint omits those documents but attaches a Right-to-Sue letter from the EEOC. (Doc. 16-1).[2]

---

[1] Muzzarelli's amended complaint does not add any other causes of action.
[2] There appears to be some confusion about Muzzarelli's exhibits. In its motion to dismiss, State Farm correctly observes that "Exhibit A" of the original complaint "on its face indicates it is Plaintiff's response to the questionnaire issued by the [IDHR]." (Doc. 12 at 3). State Farm then attaches "Plaintiff's actual Charge" to the motion to dismiss, asserting that it is proper to do so because Muzzarelli referenced it in her complaint. (Doc. 3 at 4 n.1). It is not clear why Muzzarelli omitted these documents from her proposed amended complaint, nor is it clear whether that omission was deliberate.

The fifteen-page exhibit attached to Muzzarelli's initial complaint describes in extensive detail Muzzarelli's history with State Farm, the company culture, and various workplace incidents—many of which resurface in her complaint. (*See, e.g.*, Doc. 1-2 at 13–15 (detailing the conduct of Mike Buelow that appears in the complaint)). In fact, this document is far *more* detailed than the complaint's factual allegations. Thus, there can be little doubt that the discrimination, harassment, and retaliation claims are "reasonably related to"—if not squarely foreshadowed by—the factual allegations in this exhibit. *Delgado,* 880 F.3d at 926; *see also Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (noting that the charge and the complaint must "describe the same conduct and implicate the same individuals").

State Farm does not seem to dispute any of this. Instead, it implies—though does not state explicitly—that Muzzarelli's claims are limited to what appeared in her *formal* charge, and that the attached questionnaire is irrelevant. (Doc. 12 at 3–4). State Farm does not cite authority for that proposition, and the Court is not aware of any. To the contrary, at least one court has considered an administrative questionnaire in determining the scope of a plaintiff's charging allegations. *See Milo v. Contour Saws, Inc.*, No. 02-cv-4096, 2004 WL 1427102, at *2 (N.D. Ill. June 23, 2004) ("It is clear that [the plaintiff] intended to include the discrimination claim in his EEOC investigation because he checked the boxes originally in the EEOC Charge Questionnaire."). Even so, neither party has addressed this issue. Because "resolution of the administrative exhaustion question in this case is not as straightforward as [State Farm] insists," it is "better suited for consideration via more robust briefing."

6

*Clark v. Deere & Co.*, No. 1:22-cv-01405-SLD-JEH, 2023 WL 2815922, at *2 (C.D. Ill. Apr. 6, 2023).

## II.     Whether Other Reasons Justify Denying Leave to Amend

State Farm also opposes Muzzarelli's proposed amendment because it "adds only two new paragraphs . . . both of which simply state the expanded allegations were related to and grew out of Plaintiff's allegations." (Doc. 17 at 2). True, the proposed amended complaint includes only these two minor additions, both of which characterize Muzzarelli's allegations in her complaint as related to those in her IDHR charge. And State Farm may be correct to say that those legal conclusions do not remedy the supposed defects in Muzzarelli's original complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (avoiding dismissal "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Yet that does not render Muzzarelli's proposed amendment futile. As State Farm concedes, the proposed amended complaint cures at least one "deficiency, as it pleads the existence of an EEOC right-to-sue letter." (Doc. 17 at 2); *see Bausch*, 630 F.3d at 562 (explaining that leave to amend should be allowed when there exists a "*potentially curable* problem with the complaint" (emphasis added)).

Nor does the Court identify any other grounds for denying leave to amend. Muzzarelli has not delayed these proceedings, is not making the request in bad faith, and has not failed to cure defects with prior amendments. *See Bausch*, 630 F.3d at 562. Indeed, this is her first amended complaint, and she filed it three weeks after State Farm moved to dismiss. Finally, State Farm would not suffer prejudice if leave

7

to amend is granted. If it believes that it has legitimate grounds to challenge Muzzarelli's amended complaint, it is free to do so.

##### CONCLUSION

IT IS THEREFORE ORDERED that Muzzarelli's (Doc. 16) Motion to Amend is GRANTED. State Farm's (Doc. 12) Motion to Dismiss for Failure to State a Claim is deemed MOOT under Local Rule 7.1(E) and will remain so unless specifically revived by State Farm within 14 days of entry of this Order. The Clerk is DIRECTED to docket [16-1] as Muzzarelli's First Amended Complaint.

So Ordered.

Entered this 23rd day of September 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
