IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMANDA MUZZARELLI,<br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>INSURANCE COMPANY,<br>    Defendant. | Case No. 1:25-cv-01144-JEH-RLH |

**Order**

Now before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint (In Part) & Memorandum in Support (D. 20).[1] This matter is fully briefed and for the reasons set forth *infra*, the Motion is GRANTED IN PART and DENIED IN PART.

**I**

Plaintiff Amanda Muzzarelli, who worked for the Defendant from 1997 until October 2023, filed her lawsuit against Defendant State Farm Mutual Automobile Insurance Company (State Farm)[2] on April 14, 2025.  The Plaintiff filed her First Amended Complaint (D. 19) against State Farm claiming violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5 *et seq.*, the Illinois Human Rights Act (IHRA), 775 Ill. Comp. Stat. 5/1 *et seq.*, and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*, for the Defendant's

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] While the caption of the Plaintiff's original and First Amended Complaints identify State Farm Mutual Insurance Company as the defendant, the Defendant identifies itself as State Farm Mutual Automobile Insurance Company.

1

alleged sexual harassment, sex-based discrimination, retaliation, and Defendant's retaliation for Plaintiff utilizing her FMLA rights.

In her First Amended Complaint, the Plaintiff alleges[3] since at least August 2022 through October 9, 2023, the Defendant has subjected her to different terms and conditions of employment than others not within her protected class (female sex) and has subjected her to a hostile work environment on the basis of sex. Specifically, on or about August 1, 2022, the Plaintiff complained to her manager, Mike Buelow, about Rich Garcia, a VP, who spoke to her in a condescending and hostile manner during a meeting; Garcia began raising his voice and using aggressive body language towards the Plaintiff which he did not do towards similarly situated male employees. Garcia also talked over the Plaintiff and incorrectly paraphrased her to make her look stupid, which he did not do toward similarly situated male employees. Buelow responded to the Plaintiff, "I know Rich, that doesn't sound like Rich[,]" and Buelow did not take any remedial action following the Plaintiff's complaint. (D. 19 at ECF p. 4 ¶28). On or about August 9, 2022, Buelow placed the Plaintiff on administrative leave for two weeks, which was later extended to three weeks. Muzzarelli was told by the Defendant they had lost confidence in her leadership and viewed her as insubordinate. Before being placed on that leave, State Farm's management had consistently praised the Plaintiff's work ethic and performance and had not raised concerns.

On or about August 30, 2022, the Plaintiff received her first negative performance documentation, and she was thereafter demoted four positions to Business Analyst with a 40% pay decrease. Her director position was then offered to a male. In or around September 2022, the Plaintiff took medical leave pursuant

---

[3] At the motion to dismiss stage, a court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, 69 F.4th 437, 448 (7th Cir. 2023).

2

to the FMLA for the stress, including anxiety and depression, the Defendant's conduct had caused her.  In or around October 2022, the Plaintiff filed a complaint with human resources (HR) claiming she was demoted and retaliated against for reporting Garcia's conduct.  Though HR said they would investigate the matter, no remedial measures were taken to prevent further alleged retaliation against the Plaintiff.  On or about February 4, 2023, the Plaintiff returned back to work as a Business Analyst.  When she returned, no one would speak to the Plaintiff or respond to her emails, she only got one interview and did not get that job though she applied for around 20 internal positions.

The Plaintiff filed a Charge of Discrimination (Charge) with the Illinois Department of Human Rights (IDHR) and concurrently with the Equal Employment Opportunity Commission (EEOC) which was stamped "RECEIVED" on May 5, 2023. Def.'s Ex. 1 (D. 20-1 at ECF pp. 2-5).[4]  Under "Cause of Discrimination Based On:", the Plaintiff wrote "Sex" and "Retaliation".  *Id.* at ECF p. 2.  Under "Date of Discrimination Earliest (ADEA/EPA) Latest (ALL)", the Plaintiff wrote "07/29/2022" and "08/30/2022", respectively.  *Id.*  The Plaintiff identified the following issues/bases:  "Harassment – July 29, 2022, Due to my sex, female"; 2-week paid administrative leave, August 9, 2022, due to my sex, female"; "Retaliation – August 9, 2022, for engaging in a protected activity"; "Written reprimand – August 30, 2022, due to my sex, female"; "Retaliation – August 30, 2022, for engaging in a protected activity"; "Demotion – August 30, 2022, due to my sex, female"; and "Retaliation – August 30, 2022, for engaging in a protected

---

[4] Attached to the Plaintiff's First Amended Complaint was only the U.S. EEOC's Dismissal and Notice of Rights letter issued on April 15, 2025.  *See* Pl.'s 1st Am. Compl. (D. 19 at ECF p. 17).  Because the Plaintiff referenced her EEOC Charge in her First Amended Complaint, the Court can consider it on the instant Motion to Dismiss.  *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021) (District courts may, however, consider other documents attached to a motion to dismiss when they are referenced in the complaint and central to the plaintiff's claim.") (citing *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

activity". *Id*. at ECF pp. 3-5.  In particular, the Plaintiff complained Garcia spoke to her in a demeaning and condescending tone on July 29, 2022, and the Plaintiff filed an internal complaint with State Farm through Buelow against Garcia on August 1, 2022, State Farm being dismissive of her concerns.  *Id*. at ECF p. 3. Muzzarelli further complained that she was placed on a 2-week administrative leave by State Farm through Buelow on August 9, 2022, she was issued a written reprimand by State Farm through Buelow on August 30, 2022, and she was demoted to Business Analyst with a 40% pay reduction by State Farm through Buelow on August 30, 2022.  *Id*. at ECF pp. 3-5.

On October 9, 2023, the Plaintiff was terminated for violating the Defendant's social media policy.  Despite also violating the social media policy, an individual outside of the Plaintiff's protected class was not terminated.

Counts I-II of the Plaintiff's First Amended Complaint are for sexual harassment, Counts III-IV are for sex-based discrimination, Counts V-VI[5] are for retaliation, and Count VII[6] for FMLA retaliation.

## II

Defendant State Farm argues Plaintiff Muzzarelli's First Amended Complaint contains allegations that far exceed the scope of the conduct described in her IDHR Charge in terms of subject matter, time period, and alleged wrongdoers.  The Defendant thus seeks partial dismissal on the basis of the Plaintiff's failure to exhaust administrative remedies via expansion of the scope of her allegations beyond those included in her Charge.

The Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) which authorizes the dismissal of claims for "failure to state a claim upon

---

[5] The Plaintiff incorrectly numbered consecutive counts as V and V.  *See* Pl.'s 1st Am. Compl.  (D. 19 at ECF pp. 11, 18).
[6] The Plaintiff's First Amended Complaint includes a typo as this Count is identified as "Count II".  *See* Pl.'s 1st Am. Compl. (D. 19 at ECF p. 13).

which relief can be granted". However, the failure to exhaust administrative remedies is "normally considered to be an affirmative defense," and a plaintiff has "no obligation to allege facts negating an affirmative defense in her complaint". *Mosely v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006). "The proper way to seek a dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim. Rather, the defendant should answer and then move under Rule 12(c) for judgment on the pleadings." *Burton v. Ghosh*, 961 F.3d 960, 964-65 (7th Cir. 2020). Here, the Defendant *did* file an Answer (D. 21), including affirmative defenses, simultaneously with the instant Motion to Dismiss. Therefore, the Court construes the Defendant's instant Motion as a Rule 12(c) motion.

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). Thus, the Court must view all facts and inferences in the light most favorable to the non-moving party. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). "[T]o succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *Id.* (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

### A

"Before filing suit under Title VII, a federal employee must exhaust his administrative remedies." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013). That requirement has two purposes: 1) it allows the EEOC and the employer an opportunity to settle the matter; and 2) it ensures the employer has adequate notice of the conduct the employee is challenging. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Generally, a plaintiff can only bring claims

under Title VII or the IHRA that she included in the original charge filed with the EEOC or the IDHR. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). "Nevertheless, because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see McHale v. McDonough*, 41 F.4th 866, 870 (7th Cir. 2022) (stating the standard for allowing allegations in the complaint that were not included in the charge is a "liberal one"). A plaintiff can bring federal claims that were not included in the EEOC charge if the federal claims are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek*, 31 F.3d at 500. To satisfy the first part, at a minimum, the claims must describe the same conduct and implicate the same individuals. *McHale*, 41 F.4th at 870 (quoting *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009)). The second part of the test "is difficult to apply because it requires speculation as to what the EEOC might or might not discover in the course of an investigation." *Id.* (quoting *Cheek*, 31 F.3d at 500). Whether a plaintiff's discrimination claims are within the scope of her EEOC charge is a question of law. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011).

Here, the Plaintiff's May 5, 2023 Charge was explicitly limited to "Sex" and "Retaliation" and the time period of July 29, 2022 to August 30, 2022. Those named were Rich Garcia and Mike Buelow. The underlying "prima facie allegations" for all seven issues Muzzarelli raised stemmed from Garcia's alleged harassment of her on July 29th and the internal complaint she then made through Buelow on August 1st. No other individuals' names were listed in the Charge nor any other dates beside July 29, 2022, August 1, 2022, August 9, 2022, and August 30, 2022 were identified as pertinent beyond her January 1997 hiring. The First Amended Complaint allegations as to what occurred when the Plaintiff returned to work on

February 4, 2023 describe neither the same conduct nor implicate the same individuals as the conduct and individuals included in the Charge. The conduct described is that of no one speaking to the Plaintiff or responding to her emails, Muzzarelli's application to 20 internal jobs without ultimate success, and her termination on October 9, 2023. No individuals whatsoever are identified in the First Amended Complaint as those involved in the instances of alleged sex discrimination following her February 2023 return to work.

The Court's speculation as to what the EEOC might or might not have discovered in the course of an investigation "is cabined by the scope of the EEOC complaint and other written allegations from the administrative proceedings 'when it is clear that the charging party intended the agency to investigate the allegations.'" *McHale*, 41 F.4th at 870 (quoting *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 865 (7th Cir. 2010)). Here, the Plaintiff's Charge very clearly limited her complaints to a discrete timeline and discrete events (and the individuals involved in them). Such specificity and repetition could not reasonably be expected to lead the investigator to discover the Plaintiff was discriminated against on the basis of her sex *after* she returned to work in February 2023 through to her termination in October 2023. *See, e.g., Wallace v. Heartland Cmty. Coll.*, No. 11-cv-1184, 2012 WL 1066884, at *3 (C.D. Ill. Mar. 28, 2012) ("Though it may be arguable that because Plaintiff alleges the same problems cited in the charge to have caused the later constructive discharge they are 'reasonably related,' it would not be reasonable to expect the agency to discover the May 2008 constructive discharge claim in the course of investigating the alleged discrimination.")

Accordingly, all allegations of sex-based discrimination and harassment outside the scope of the Plaintiff's Charge (Paragraphs 45-47, 49-55, 57-58) are dismissed for failure to exhaust. The Plaintiff may not proceed on her sex-based

discrimination claims (Counts III and IV) to the extent they are premised upon conduct outside the scope (as detailed above) of her May 2023 Charge. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.").[7]

**B**

In her Response, the Plaintiff contends that the "retaliation claim for [her] termination [] did not require a separate charge to be filed because a separate administrative charge is not a prerequisite to a suit complaining about retaliation for filing the first charge." Pl.'s Resp. (D. 22 at ECF p. 5). Indeed, the Seventh Circuit has held that "for practical reasons, to avoid futile procedural technicalities and endless loops of charge/retaliation/charge/retaliation, etc., that a plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013). The Defendant's Motion is silent with regard to this exception.

The Plaintiff's additional allegations, those regarding what she experienced at work (including her October 2023 termination) *after* filing her Charge on May 5, 2023, fall into the well-recognized exception for suits complaining about retaliation for filing the first charge. Any allegations of retaliatory conduct occurring *before* May 5, 2023 not appearing in the Charge – particularly those regarding what she experienced from February 2023 to May 4, 2023 – may *not* be used to support her retaliation claims (Counts V and VI). This is so because "the Seventh Circuit has held that the exception does *not* apply to claims based on

---

[7] The Court's analysis does not change even after considering the Plaintiff's response to the Questionnaire issued by the IDHR, attached as Exhibit A to the Plaintiff's original complaint. Pl.'s original compl. (D. 1-2 at ECF pp. 2-19).

alleged retaliatory acts committed *before* the plaintiff's filing of an EEOC charge . . . ." *Zegarra v. John Crane, Inc.*, 218 F. Supp. 3d 655, 664 (N.D. Ill. 2016) (emphasis in original).

### III

For the reasons set forth *supra*, Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint (In Part) (D. 20) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED insofar as all allegations of sex-based discrimination and harassment outside the scope of the Plaintiff's Charge (Paragraphs 45-47, 49-55, 57-58 of the First Amended Complaint) are dismissed for failure to exhaust. Further, the Plaintiff may not proceed on her sex-based discrimination claims (Counts III and IV) to the extent they are premised upon conduct outside the scope of her May 2023 Charge. The Motion is DENIED to the extent that the Plaintiff may proceed on her retaliation claims (Counts V and VI) made in her May 2023 Charge and premised upon the allegations of what she experienced at work *after* filing her Charge on May 5, 2023. This matter is referred to the Magistrate Judge for a Rule 16 scheduling conference.

*It is so ordered.*

Entered on November 18, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE